IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRUCE STRAIN, PEGGY STRAIN,
and FRANK CIUFFETELLI                                                                    PLAINTIFFS

v.                                                                         CAUSE NO. 1:15CV71-LG-MTP

GULF COAST SHIPYARD GROUP, INC.                                              DEFENDANT

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [16] filed by the defendant Gulf Coast Shipyard Group, Inc.  The plaintiffs Bruce Strain, Peggy Strain, and Frank Ciuffetelli have filed a response in opposition to the Motion, and Gulf Coast has filed a reply.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Gulf Coast's Motion to Dismiss the plaintiffs' claims seeking declaratory judgment and injunctive relief should be granted in part and denied in part.

FACTS

The plaintiffs own real property located on Gulfport Lake in Gulfport, Mississippi.  Gulf Coast operates a commercial shipyard directly across the lake from the plaintiffs' property.  The plaintiffs claim that large, artificial waves cause damage to the plaintiffs' property when Gulf Coast launches newly constructed barges.  For example, the Strains claim that the launches have damaged their wooden bulkhead, portions of their sidewalk, and other structures on their property.  Furthermore, the Strains allege that their forty-seven foot boat must be moved prior to every launch to protect it from damage.  All of the plaintiffs are allegedly

experiencing severe erosion on their properties as a result of the launches.

The plaintiffs have attempted to assert the following claims in their Complaint: a maritime negligence or nuisance claim, a claim for declaratory relief, and a claim for injunctive relief. Gulf Coast filed the present Motion to Dismiss, seeking dismissal of the claims for declaratory and injunctive relief pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). In *Twombly*, the Court held that "heightened fact pleading of specifics" is not required, but "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 570. However, a court should not accept conclusory allegations, unwarranted factual inferences, and legal conclusions as true. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010).

**I.  THE PLAINTIFFS' DECLARATORY JUDGMENT CLAIM**

The plaintiffs seek a declaratory judgment that: (1) Gulf Coast's barge launchings have violated and will continue to violate Rules 2(b) and 6 of the Inland Navigation Rules, 33 U.S.C. § 2002(b) and § 2006[1]; (2) Gulf Coast's barge launches have created a private nuisance; (3) Gulf Coast is obligated to either (a) modify its method of launching barges to abate the nuisance, (b) repair and make improvements to the plaintiffs' properties to remedy past damage and prevent future damage, or (c) pay damages to the plaintiffs in an amount sufficient to restore, preserve, and protect the plaintiffs' properties.[2]

Gulf Coast argues that a declaratory judgment action is inappropriate to address a ripe claim for violations of regulations or breaches of duties. Furthermore, Gulf Coast asserts that a declaratory judgment action should not be filed to address past conduct.  Finally, Gulf Coast asserts that the declaratory judgment claim inappropriately duplicates the tort claims asserted by the plaintiffs.

"One of the main purposes of the Declaratory Judgment Act . . . was to provide a means to grant litigants judicial relief from legal uncertainty in situations that had not developed sufficiently to authorize traditional coercive relief."  *Tex. Emp'r Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988).  The Fifth Circuit

---

[1] The statutes cited by the plaintiffs were repealed in 2004.

[2] Although the plaintiffs filed a separate claim for declaratory relief, some of the declaratory relief is actually sought pursuant to the plaintiffs' negligence / nuisance claim.

has explained:

> Under the Declaratory Judgment Act, a district court has a measure of discretion in deciding whether to entertain the action. Although the district court's discretion is broad, it is not unfettered. For example, the district court may not dismiss declaratory judgment actions on the basis of whim or personal disinclination. In addition, unless the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record, it abuses its discretion.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (internal citations and quotation marks omitted). The following factors must be considered when determining whether to exercise discretion to dismiss a declaratory judgment action:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*Id.* at 590-91. Gulf Coast has not argued that any of the *Trejo* factors adopted by the Fifth Circuit weigh in favor of dismissal of Gulf Coast's claims for declaratory relief, and the Court finds that dismissal is not warranted under any of these factors.

One of the cases relied on by Gulf Coast held that declaratory judgment is "inappropriate solely to adjudicate past conduct." *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1230 (S.D. Fla. 2009) (quoting

*Gruntal & Co., v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993)).  The *Sierra Equity* court reasoned that declaratory judgment was inappropriate because the parties did not "seek a relief that would lead to a change in conduct by either party in order to conform their behavior to the law or minimize the danger of future monetary loss by the parties."  *Id.*

Similarly, Gulf Coast relies on an unpublished case in which this Court held that a claim seeking a declaratory judgment that the defendants violated the plaintiff's due process rights should be dismissed as redundant of the plaintiff's separate claim for damages.  *Wallace v. Cheeks*, No. 3:13cv436-TSL-JMR, 2013 WL 4519720, at *2 (S.D. Miss. Aug. 26, 2013).  This Court explained that the declaratory judgment claim would serve no useful purpose in that circumstance.  *Id.*

The present case is distinguishable from the cases relied on by Gulf Coast, because the plaintiffs' declaratory judgment claims in those cases solely sought to address past conduct that was adequately addressed by other claims filed in the same lawsuit.  In the present case, the plaintiffs seek "a change in conduct" on the part of Gulf Coast – a change in Gulf Coast's method of launching barges in the future – or construction of improvements on the plaintiffs' property that would prevent future damages.  *See Sierra Equity*, 650 F. Supp. 2d at 1230.  A request for a declaratory judgment is the appropriate means for demanding the prospective relief sought by the plaintiffs in the present lawsuit; therefore, Gulf Coast's Motion to Dismiss the plaintiffs' claims for declaratory judgment should be denied.

## II. THE PLAINTIFFS' INJUNCTIVE RELIEF CLAIM

In their injunctive relief claim, the plaintiffs seek an order (1) prohibiting Gulf Coast from launching barges in a manner that may cause damage to the plaintiffs' properties; (2) requiring Gulf Coast "to prove to the Court's satisfaction that [Gulf Coast] cannot launch its barges in some other fashion which will avoid future damage to the plaintiffs' real or personal property;" and (3) requiring Gulf Coast to repair and make improvements to the plaintiffs' properties to remedy past damage and prevent future damage; or in the alternative, (4) requiring Gulf Coast to pay monetary damages in an amount sufficient to cover the cost of making necessary improvements to the plaintiffs' properties to prevent future damage that may be caused by future boat launches.  Gulf Coast claims that the plaintiffs have not stated a plausible claim for injunctive relief.

To obtain a preliminary injunction, a plaintiff must demonstrate the four following elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).  Gulf Coast argues that the plaintiffs have not stated a claim of irreparable injury, because all of the plaintiffs' alleged injuries can be compensated through payment of monetary damages.  See *City of Meridian, Miss. v. Algernon Blair, Inc.*, 721 F.2d 525, 529 (5th Cir. 1983) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies.")

In the alternative, Gulf Coast argues that the plaintiffs' threatened injury would not outweigh the harm that would result from imposition of an injunction, because six hundred Gulf Coast employees would lose their jobs if Gulf Coast was required to stop launching barges.

The Court finds that the plaintiffs' request for an injunction ordering Gulf Coast to pay monetary damages is inappropriate and must be dismissed. However, the Court cannot hold, based solely on a review of the pleadings, that all of the plaintiffs' requests for relief can be remedied through payment of monetary damages. Furthermore, the plaintiffs do not ask the Court to cease all barge launches; they merely seek an order modifying the method by which barges are launched. Finally, the number of persons employed by Gulf Coast constitutes evidence outside the pleadings that should not be considered while addressing a Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 12(d). As a result, the Court finds that Gulf Coast's Motion to Dismiss the plaintiffs' claim for injunctive relief should be granted only to the extent that the plaintiffs seek an injunction ordering payment of monetary damages.

## CONCLUSION

For the foregoing reasons, the Court finds that Gulf Coast's Motion to Dismiss should be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [16] filed by the defendant Gulf Coast Shipyard Group, Inc., is **GRANTED** as to the plaintiffs' claims seeking an injunction requiring Gulf Coast to pay

monetary damages.  The Motion is **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 24th day of August, 2015.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge